IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SABRANINO ALTRANINO THOMPSON,<br><br>Defendant. | No. 1:10-cr-00093<br><br><br>**ORDER** |

This matter comes before the Court pursuant to Defendant's May 31, 2011 Motion in Limine (Dkt. No. 52), to which the Government filed a Resistance on June 6, 2011 (Dkt. No. 62), and the Government's June 14 2011 Motion in Limine (Dkt. No. 70).

Defendant is charged with five drug-related crimes: two charges of possession of cocaine base with intent to distribute, two charges of distribution of cocaine base, and one charge of possession of marijuana with intent to distribute. Trial is set for June 20, 2011.

### I. DEFENDANT'S MOTION IN LIMINE
### A. Prior Convictions

The Government has stated its intention to offer Defendant's prior convictions for drug offenses pursuant to Federal Rule of Evidence 404(b). Defendant seeks to exclude the following prior drug convictions: (1) a November 5, 1998 conviction for felony possession of a controlled substance; (2) a January 7, 2008 conviction for felony possession of a controlled substance; (3) a July 22, 2008 conviction for unlawful sale of a controlled substance in the first degree; and (4) a October 21, 2008 conviction for unlawful sale of a controlled substance in the fifth degree. Defendant argues that the 1998

1

conviction is too stale to be admissible and that the 2008 convictions are more prejudicial than probative under Rule 403.

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . .

Fed. R. Evid. 404(b). According to the Eighth Circuit, to be admissible under Rule 404(b), other crimes evidence must also be:

> (1) relevant to a material issue raised at trial, (2) similar in kind and close in time to the crime charged, (3) supported by sufficient evidence to support a jury finding the defendant committed the other act, and (4) of probative value not substantially outweighed by its prejudicial effect.

*U.S. v. Halk*, 2011 WL 832511, *2 (8th Cir. 2011). Evidence of prior controlled-substance distributions are admissible as probative of a defendant's motive and intent to distribute controlled substances at a later time. *See United States v. DeLazaro*, 2011 WL 476604, *4 (8th Cir. 2011) (citing *United States v. Hardy*, 224 F.3d 752, 757 (8th Cir. 2000)). Accordingly, the Court finds that Defendant's July 22, 2008 conviction for unlawful sale of a controlled substance in the first degree and his October 21, 2008 conviction for unlawful sale of a controlled substance in the fifth degree are admissible under Rule 404(b). These conviction are probative of Defendant's knowledge of controlled substances and intent to distribute them.

The Court finds that Defendant's 1998 and 2008 drug possession convictions are more prejudicial than probative under Rule 403. The probative value of these convictions

is diminished because they are for possession of controlled substances rather than distribution. Additionally, they constitute "cumulative evidence," which causes them to outweigh any probative value under Rule 403. Thus, the Court grants Defendant's motion as to those two convictions.

The Government has also stated its intention to introduce Defendant's prior convictions for attempted murder and armed robbery as impeachment evidence pursuant to Federal Rule of Evidence 609. Defendant seeks to exclude these 1998 convictions. Defendant argues that the convictions are too stale to be admissible for impeachment under Rule 609 and, regardless, are more prejudicial than probative under Rule 403. Because the Court does not know whether Defendant intends to testify, it will decide this issue if and when it arises during trial.

Next, Defendant seeks to prevent the Government from introducing evidence of Defendant's traffic stop on June 24, 2010. Defendant argues that this evidence is inadmissible under and Rules 403 and 609. However, the Government does not seek to impeach the Defendant's possible testimony with this evidence. Rather, the Government seeks to offer evidence of Defendant's traffic stop in order to tell the complete story of his arrest. Law enforcement pulled Defendant over for various traffic violations on June 24, 2011. During that stop, Defendant gave the officers his telephone number, which was identical to the number Defendant gave to law enforcement's confidential information during a controlled-buy setup. Further, because it involves mere traffic violations, it is also not more prejudicial than probative under Rule 403. It is, therefore, admissible.

### B. Evidence Seized at 21st Avenue SW Apartment

Defendant seeks to exclude evidence seized from his brother's apartment, located on 21st Avenue SW in Cedar Rapids, during the execution of a search warrant on July 2, 2010. Defendant argues that this evidence is inadmissible because it is irrelevant under Rules 401 and 402 or, in the alternative, more prejudicial than probative under Rule 403.

The Court disagrees. The search warrant was based on two controlled buys of crack from Defendant, which occurred at the 21st Avenue Apartment. Moreover, law enforcement found items bearing Defendant's name at the apartment during the search. Accordingly, the Court finds this evidence relevant under Rules 401 and 402, and not more prejudicial than probative under Rule 403. It is therefore admissible.

### C. Gang Affiliation and Girlfriends

Defendant also seeks to exclude evidence of his alleged gang affiliation. The Government stated that it does not intend to introduce evidence of Defendant's alleged gang membership. Accordingly, the Court need not resolve this issue. Government witnesses may refer to Defendant as "BD" if that is the name by which they know him, but the meaning of "BD" may not be explained to the jury.

Finally, the Defendant seeks to exclude evidence that he had multiple girlfriends at one time. The Government has also stated that it does not intend to introduce any such evidence. Thus, the Court also need not resolve this issue.

## II. GOVERNMENT'S MOTION IN LIMINE

The Government intends to call Officer Mat Denlinger at trial. In an unrelated state case, Officer Denlinger's credibility during a suppression hearing was called into question by the Honorable Thomas L. Koehler. The Government has disclosed this information to the Defendant but seeks here to restrict inquiry into this matter at trial. The Court grants the Government motion for the following reasons.

Federal Rule of Evidence 608 provides that:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in Rule 609, may not be provided by extrinsic evidence.

Accordingly, Defendant could not attack Officer Denlinger's character for truthfulness by

introducing Judge Koehler's hearsay order at trial. Moreover, Defendant cannot question Officer Denlinger about Judge Koehler's order because any response would be barred by Federal Rule of Evidence 802, prohibiting hearsay. Finally, the Court finds that such questioning would unduly confuse the issues in this case and would cause undue confusion. See Fed. R. Evid. 403. In essence, the Defendant is seeking opinion evidence from a witness who will not be called or able to be cross-examined. The Court finds the First Circuit case of *United States v. Lopez*, 944 F.3d 33 (1st Cir. 1991), to be persuasive on this issue. There, the First Circuit stated:

> [W]hile potentially probative of the trustworthiness of the officer's testimony, the credibility assessment made by the presiding judge at an unrelated trial would have entailed a grave risk that the jury might abnegate its exclusive responsibility to determine the credibility of the testimony given by the officer at appellant's trial.

U.S. v. Lopez 944 F.2d 33, 38 (1st Cir. 1991). Accordingly, the Court concludes that evidence of Judge Koehler's assessment of Officer Denlinger's testimony in an unrelated state case is inadmissible under Rules 608, 802, and 403. The Government's motion is granted.

Upon the foregoing,

**IT IS ORDERED** that Defendant's motion in limine (Dkt. No. 52) is granted in part and denied in part as set forth in the text above, and the Government's motion in limine (Dkt. No. 70) is granted.

**DATED** this 15th day of June, 2011.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA